# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW A. McKINSTRY, and MELISSA C. RICHARDSON, <br><br> Plaintiffs, <br><br> v. <br><br> PRIVATE NATIONAL MORTGAGE ACCEPTANCE COMPANY, LLC, et al., <br><br> Defendants. | NO. 2:18-CV-0363-TOR <br><br> ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiffs' Complaint (ECF No. 1). The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, all claims asserted in Plaintiffs' Complaint (ECF No. 2) are **DISMISSED without prejudice** and **without leave to amend**.

## BACKGROUND

Plaintiffs Matthew A. McKinstry and Melissa C. Richardson, proceeding *pro se* and *in forma pauperis*, bring suit against Private National Mortgage

ORDER DISMISSING COMPLAINT ~ 1

Acceptance Company, LLC, "Malcolm * Cisneros, ALC (A Law Corporation)," the State of Oregon, Linn County District Attorney, and "Doe 1-100 as amended." ECF No. 1-3. After reviewing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to state facts which "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## PLAINTIFF'S ALLEGATIONS

The facts according to Plaintiffs' Complaint and various attachments are as follows. On December 10, 2014, Plaintiff Richardson executed a negotiable promissory Note in the amount of $179,900.00 for the commonly known property of 3127 Geary St. SE, Albany, Oregon 97322. ECF No. 1-1 at 76. The Lender, Mortgage Research Center, LLC dba Veterans United Home Loans, a Missouri Limited Liability Company, purportedly originated the loan. *Id*. That same day, Plaintiffs executed a security interest in the form of a Deed of Trust in the amount of $179,900.00 for the property described above. *Id*. The security instrument was filed in the Official Records of the Office of the Recorder of Linn County, Oregon, on December 11, 2014. *Id*. at 77. According to a mortgage statement dated May 16, 2017, PennyMac Loan Services, LLC ("PennyMac") is the servicer of the loan. *Id*. at 65.

According to the most recent mortgage statement provided to the Court, Plaintiffs' loan became delinquent on July 1, 2015. ECF No. 1-11 at 1. On March

15, 2017, PennyMac filed a complaint in Linn County Circuit Court seeking judicial foreclosure of the property at issue pursuant to ORS 93.740. ECF No. 1-1 at 72-73. Based on Plaintiffs' Complaint and attachments, the Court is unable to determine the current status of the foreclosure proceedings. However, in a letter addressed to the U.S. Department of Veterans Affairs, dated July 10, 2018, Plaintiffs alleged that the foreclosure action had "already gone to Oregon State court in which PennyMac was unsuccessful in their attempts to foreclose on the property." ECF No. 1-7 at 1.

On June 14, 2018, Plaintiffs sent PennyMac a Cease and Desist letter demanding that PennyMac cease its "efforts to foreclose on and sell the property" at issue. ECF No. 1-8 at 2. After PennyMac failed to respond to the letter, Plaintiffs initiated this lawsuit. ECF No. 1-7 at 2. Plaintiffs assert that PennyMac "is attempting to fraudulently collect, foreclose, and re-sell a mortgage." *Id*. at 1. Specifically, Plaintiffs allege that the Deed of Trust and the promissory Note have been separated and, therefore, "foreclosure legally cannot occur." ECF Nos. 1-8 at 5; 1-1 at 75-80. As an additional ground for contesting the foreclosure, Plaintiffs appear to argue that Oregon State courts also lack jurisdiction over the foreclosure proceedings because the property at issue is owned by an individual member of a federally recognized tribe. ECF No. 1-2 at 1.

The Court liberally construes Plaintiffs' Complaint as an action for wrongful foreclosure. Plaintiffs seek injunctive relief, presumably to stop the foreclosure proceedings, as well as monetary damages in an undetermined amount. ECF No. 1 at 7.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A claim is legally frivolous under § 1915(e)(2)(B)(i) when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989*), superseded by statute*, 28 U.S.C. §1915(d), *as recognized in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute*, 28 U.S.C. § 1915(d), *as recognized in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, we take as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

**A. Subject Matter Jurisdiction**

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that a federal court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. As noted, the Court liberally construes Plaintiffs' Complaint as an action for wrongful foreclosure. Significantly, the property at issue in this wrongful foreclosure action is located in Oregon. For reasons discussed below, the Court concludes that it lacks subject matter over Plaintiffs' claims under the local action doctrine.

The local action doctrine "vests exclusive jurisdiction over specified types of actions involving real property in the forum where the property is located." *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014); *see also United States v. Byrne*, 291 F.3d 1056, 1060 (9th Cir. 2002) ("The federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries."). The Ninth Circuit has ruled that the local action doctrine is jurisdictional. *See Eldee-K Rental*, 748 F.3d at 948-49.

To determine whether the local action doctrine precludes jurisdiction, courts consult the law of the forum state to determine whether a particular action is local or transitory. *Josevig-Kennecott Copper Co. v. James F. Howarth Co.*, 261 F. 567, 569 (9th Cir. 1919) ("It is admitted that the question whether the action is local or transitory is to be determined by the law of the state."). Here, under Washington or Oregon law, Plaintiffs' action for wrongful foreclosure unquestionably qualifies as a local action. *See* RCW 4.12.010(1) (a plaintiff shall commence an action "for the foreclosure of a mortgage on, or for the determination of all questions affecting the title . . . to real property" "in the county in which the subject of the action . . . is situated."); ORS 14.040(4) (a plaintiff shall commence "[s]uits for the foreclosure of a lien or mortgage upon real property" "in the county in which the subject of the action or suit . . . is situated."). Although neither statute employs the term "local" or "transitory," the actions described in the statutes must be brought in the county where the property is located, meaning the actions are "local." *See Wash. State Bank v. Medalia Healthcare LLC*, 96 Wash. App. 547, 554 (1999); *State ex rel. U.S. Trust Co. v. Phillips*, 12 Wash. 2d 308, 314 (1942); *Dippold v. Cathlamet Timber Co.*, 98 Or. 183, 194 (1920).

Because it relates to the title or possession of their property, Plaintiffs' action for wrongful foreclosure falls within the scope of a local action under RCW 4.12.010 or ORS 14.040. As such, Plaintiffs' action must be brought in the Oregon

county where the property at issue is located. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims and, therefore, dismisses Plaintiffs' Complaint without prejudice. Plaintiffs may reassert their claims in a competent court. *Frigard v. United States*, 862 F.3d 201, 204 (9th Cir. 1988). The Court will not express an opinion on whether subject matter jurisdiction is proper in state or federal court in Oregon.

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, the Court has identified significant jurisdictional deficiencies in Plaintiffs' Complaint. Specifically, the Court lacks subject matter jurisdiction based on the local action doctrine because the property at issue is located in Oregon. At this time, the Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiffs' Complaint and granting Plaintiffs leave to amend would be futile. Therefore, the Court dismisses Plaintiffs' Complaint without leave to amend.

//

//

## REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiffs' *in forma pauperis* status.

If Plaintiffs seek to pursue this matter again in this district court or on appeal, they must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The claims asserted in Plaintiffs' Complaint (ECF No. 1) are **DISMISSED without prejudice** and **without leave to amend here**.
2. Plaintiffs' *in forma pauperis* status is hereby **REVOKED**.
3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

4. Plaintiffs' Motion for Service of Process by U.S. Marshals Office (ECF No. 9) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment, forward copies to Plaintiffs, and **CLOSE** the file.

**DATED** March 13, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING COMPLAINT ~ 10